UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE DUNIGAN and MICHELLE
COLSTON, Individually and as Next
Friend of A.C., a Minor, D.W., a Minor,
and S.W., a Minor,

Plaintiffs,

v.

TROOPER MICHAEL THOMAS,
TROOPER BLAKE ELLSWORTH,
TROOPER MAXWELL PRINCE,
TROOPER JON TIBAUDO,
TROOPER DAN CLISE, TROOPER
THOMAS KILL, TROOPER STEVEN
CHENET, TROOPER AARON
LOCKE, SERGEANT HOFFMAN,
SERGEANT PINKERTON, TROOPER
PINKERTON, SERGEANT
GRUENWALD, DETECTIVE
SERGEANT THOMAS DHOOGHE,
DETECTIVE SERGEANT JOSHUA
DIRKSE, DETECTIVE TROOPER
JASON BAXTER, DETECTIVE
TROOPER MARK SWALES,
TROOPERS ROE #s 1-10, and
TROOPERS JOHN DOE #s 1-10,

Defendants.
_____/

Case No. 22-cv-11038

Paul D. Borman
United States District Judge

**<u>OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
[PARTIAL] RECONSIDERATION OF OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS (ECF NO. 43)</u>**

### I.     INTRODUCTION

This case arises out of the April 21, 2021, execution of a search warrant at the home of Plaintiffs, Renee Dunigan, her daughter, Michelle Colston, and Michelle's three minor children, A.C., D.W., and S.W., in Flint, Michigan, by Defendants, Michigan State Police (MSP) officers. Plaintiffs bring five Fourth and Fourteenth Amendment claims, as well as three state law claims, against all Defendants.

On February 24, 2023, the Court issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss. (ECF No. 38.) Specifically, the Court dismissed Counts I, III, IV, V, VI, VII, and VIII, but denied the motion to dismiss as to Count II (Fourth Amendment – Unreasonable Search) with respect to Plaintiffs' allegation that Defendants failed to knock and announce prior to entering Plaintiffs' residence.

Now before the Court is Plaintiffs' Motion for [Partial] Reconsideration of that Opinion and Order (ECF No. 43).[1] Because the Court does not believe that oral argument will aid in its disposition of this motion, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(1) and (2). For the reasons

---

[1] The Court notes that Plaintiffs do not contest the parts of the Court's Opinion and Order dismissing Count V of their Complaint, which asserts a claim of violation of Plaintiffs' right to equal protection, or the finding that Defendants are entitled to governmental immunity from Plaintiffs' state law claims.

set forth below, the Court denies Plaintiffs' motion for reconsideration because it fails to clear the high bar for granting reconsideration.

## II. STANDARD OF REVIEW

Eastern District of Michigan Local Rule 7.1 allows a party to file a motion for reconsideration. E.D. Mich. L.R. § 7.1(h). Local Rule 7.1(h)(2) governs motions for reconsideration of non-final orders, such as the Opinion and Order at issue entered in this case. "Motions for reconsideration of non-final orders are disfavored" and "may be brought only upon the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision."

E.D. Mich. L.R. 7.1(h)(2). "A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments." *Southfield Educ. Ass'n v. Bd. of Educ. of Southfield Pub. Schs.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018).

## III. ANALYSIS

Plaintiffs argue that their motion for reconsideration is based on the assertion that (1) the court made a mistake, (2) that correcting the mistake changes the

3

outcome of the prior decision, and (3) that the mistake was based on the records and law before the Court at the time of its prior decision. Plaintiffs contend that:

(1) the Court erred in dismissing Count I of Plaintiffs' Complaint because it failed to draw all reasonable inferences in favor of Plaintiffs regarding the location of the suspect vehicle in the "shared" driveway between the 1534 and 1536 Garland Street residences, and regarding Plaintiffs' allegation that Breshanna Bailey stated she saw the murder suspect go in and out of "the residence" without specifying the address;

(2) Defendants were not entitled to qualified immunity on Count I (Unlawful Search);

(3) Counts III, IV, VI, and VIII should be reinstated if the Court finds a lack of probable cause to search Plaintiffs' home; and

(4) The Court erred in dismissing Plaintiffs' excessive force claim.

(ECF No. 43, PageID.735-52.)

Upon review of Plaintiffs' motion for reconsideration, it is apparent that the arguments Plaintiffs proffer in this motion were previously presented to this Court and fully analyzed and addressed in the Court's February 24, 2023, Opinion and Order. (ECF No. 38.) As stated above, motions for reconsideration are not a vehicle "to rehash rejected arguments[.]" *See Southfield Educ. Ass'n*, 319 F. Supp. 3d at 901.

Specifically, the Court fully addressed Plaintiffs' arguments in its prior decision and concluded that, viewing the "totality of the circumstances," through the "lens of common sense," that the search warrant at issue in this case was supported by probable cause and that Defendants are entitled to qualified immunity on Count

4

I of Plaintiffs' Complaint because Plaintiffs fail to properly allege a constitutional violation and fail to show that Defendants violated Plaintiffs' clearly established constitutional rights. (ECF No. 38, PageID.607-08 and fn.5, quoting *Florida v. Harris*, 568 U.S. 237, 244 (2013).) Plaintiffs' motion for reconsideration fails to establish that that the Court's decision was in error.

The Court further addressed the dismissal of Counts III, VII, and VIII of Plaintiffs' Complaint in part because the search warrant was supported by probable cause, and Plaintiffs fail to demonstrate that decision was erroneous. And, after considering the same arguments that Plaintiffs raise again in the instant motion for reconsideration, the Court properly determined that Plaintiffs failed to state a claim of excessive force and failed to meet their burden to show that Defendants' actions in this case violated Plaintiffs' clearly established constitutional rights. "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Indus., Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) (emphasis in original), *aff'd*, 483 F. App'x 30 (6th Cir. 2012). Plaintiffs' motion for reconsideration fails to identify any "*actual* defects in the court's opinion.," *see id.*, but rather merely presents the same issues that were already ruled upon by this Court, and the Court does not find any mistake or error in its prior decision that must be corrected.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for [Partial] Reconsideration (ECF No. 43) is DENIED.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: May 19, 2023