UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE DUNIGAN and MICHELLE
COLSTON, Individually and as Next
Friend of A.C., a Minor, D.W., a Minor,
and S.W., a Minor,

Case No. 22-cv-11038

Paul D. Borman

Plaintiffs,

United States District Judge

v.

TROOPER MICHAEL THOMAS,
TROOPER BLAKE ELLSWORTH,
TROOPER MAXWELL PRINCE,
TROOPER JON TIBAUDO,
TROOPER DAN CLISE, TROOPER
THOMAS KILL, TROOPER STEVEN
CHENET, TROOPER AARON
LOCKE, SERGEANT HOFFMAN,
SERGEANT PINKERTON, TROOPER
PINKERTON, SERGEANT
GRUENWALD, DETECTIVE
SERGEANT THOMAS DHOOGHE,
DETECTIVE SERGEANT JOSHUA
DIRKSE, DETECTIVE TROOPER
JASON BAXTER, DETECTIVE
TROOPER MARK SWALES,
TROOPERS ROE #s 1-10, and
TROOPERS JOHN DOE #s 1-10,

Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY
OF FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b) OR
ALTERNATIVELY, TO CERTIFY ORDER PURSUANT TO
28 U.S.C. § 1292(b) (ECF NO. 61)**

This case arises out of the April 2021 execution of a search warrant by Defendants, Michigan State Police (MSP) officers, at the home of Plaintiffs Renee Dunigan, her daughter, Michelle Colston, and Michelle's three minor children, A.C., D.W., and S.W., in Flint, Michigan. Plaintiffs bring several Fourth and Fourteenth Amendment claims and state law claims related to the execution of that search warrant, against 16 Defendants, all Michigan State Police officers.

On February 24, 2023, this Court entered an Opinion and Order granting in part and denying in part Defendants' motion to dismiss, dismissing all but one of Plaintiffs' claims arising from the execution of the search warrant at Plaintiffs' residence. On May 19, 2023, the Court entered an Opinion and Order denying Plaintiffs' motion for partial reconsideration of the February 24, 2023, Opinion and Order.

Now before the Court is Plaintiffs' Motion for Entry of Final Judgment Under Rule 54(b) or Alternatively, to Certify Order Pursuant to 28 U.S.C. § 1292(b). (ECF No. 61.) The motion has been fully briefed. Because the Court does not believe that oral argument will aid in its disposition of this motion, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons set forth below, the Court will deny Plaintiffs' Motion for Entry of Final Judgment Under Rule 54(b) or Alternatively, to Certify Order Pursuant to 28 U.S.C. § 1292(b).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The relevant background of this case is set forth in detail in the Court's February 24, 2023, Opinion and Order on Defendants' motion to dismiss, and the Court adopts that background as if it were fully set forth here. (*See* ECF No. 38, PageID.587-93.)

In summary, on April 21, 2021, Michigan State Police officers executed a search warrant at Plaintiffs' home during the course of a murder investigation. Plaintiffs allege that Defendants obtained the search warrant without constitutionally-sufficient probable cause and executed the search warrant without knocking or properly announcing themselves, using a battering ram to break in the front door of Plaintiffs' home. Plaintiffs assert that the Defendants then raided Plaintiffs' home and unlawfully detained, terrorized, and traumatized Plaintiffs for over an hour before realizing they had raided the wrong home.

On May 16, 2022, Plaintiffs filed the instant lawsuit against 16 MSP officers, asserting the following eight causes of action against all Defendants: **Count I** – Unreasonable Entry, Search and Seizure under the Fourth and Fourteenth

3

Amendments based on a lack of probable cause to obtain the search warrant; **Count II** – Unreasonable Entry, Search and Seizure under the Fourth and Fourteenth Amendments based an unreasonable execution of the search warrant; **Count III** – False Imprisonment under the Fourth Amendment; **Count IV** – Excessive Force under the Fourth Amendment; **Count V** – Equal Protection under the Fourteenth Amendment; **Count VI** – Intentional Infliction of Emotional Distress;[1] **Count VII** – Trespass; and **Count VIII** – False Imprisonment under Michigan law.

On August 12, 2022, Defendants filed a Motion to Dismiss Plaintiffs' Complaint, seeking dismissal of all of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (ECF No. 25, Defs.' Mot.) Defendants further argued that, even if Plaintiffs' claim have been properly pleaded, Defendants are entitled to qualified immunity from Plaintiffs' federal claims, and governmental immunity from Plaintiffs' state law claims.

After the motion to dismiss was fully briefed, the Court heard oral argument and then entered an Opinion and Order on February 24, 2023, Granting in Part and Denying in Part Defendants' Motion to Dismiss. (ECF No. 38.) The Court dismissed Counts I, III, IV, V, VI, VII, and VIII of Plaintiffs' Complaint, but denied

---

[1] Plaintiffs' Complaint contains two "Fifth Claims for Relief." For clarity, the Counts have been renumbered here.

4

Defendants' motion to dismiss Count II (Fourth Amendment – Unreasonable Search) with respect to Plaintiffs' allegations that Defendants failed to knock and announce prior to entering Plaintiffs' home.

Plaintiffs filed a motion for partial reconsideration of the Court's February 24, 2023 Opinion and Order. On May 19, 2023, the Court issued an Opinion and Order denying that motion for reconsideration, finding that Plaintiffs' motion merely presented the same issues that were already ruled upon by this Court, and that the Court did not find any mistake or error in its prior decision that must be corrected. (ECF No. 46.)

The parties continued to litigate this case, including obtaining a 45-day extension of Scheduling Order Deadlines on November 9, 2023 (ECF No. 59), and then a Stipulated Order to Stay Case for 90 days on December 11, 2023, "due to the untimely death of Plaintiffs' attorney William H. Goodman." (ECF No. 60.) The stipulated order provided, however, "that Plaintiffs shall be permitted to file a Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) or In the Alternative to Certify Order Pursuant to 28 U.S.C. § 1292(B)." (*Id.*)[2]

---

[2] Plaintiffs note in their instant motion that they have brought a parallel case in the Genesee County Circuit Court against the State of Michigan pursuant to the Michigan Elliott Larsen Civil Rights Act (ECLRA) and Michigan state law for injuries and damages incurred on April 21, 2021. (ECF No. 61, Pls. Mot.,

On December 29, 2023, Plaintiffs filed the instant Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) or in the Alternative to Certify Order Pursuant to 28 U.S.C. § 1292(B). (ECF No. 61, Pls. Mot.) Plaintiffs argue that proceeding to trial on the sole remaining claim in this case would severely prejudice them and waste the Court's and the parties' resources. Plaintiffs therefore request that this Court enter final judgment, pursuant to Fed. R. Civ. P. 54(b) on those claims it has dismissed or, in the alternative, to certify its February 24, 2023, Opinion and Order pursuant to 28 U.S.C. § 1292(b), permitting Plaintiff to pursue an interlocutory appeal of that Order.

## II.  ANALYSIS

### A. Whether Entry of Final Judgment as to Plaintiffs' Dismissed Claims is Appropriate Under Fed. R. Civ. P. 54(b)

#### 1.  Legal Standard

Rule 54(b) of the Federal Rules of Civil Procedure permits immediate review of certain district court orders prior to the ultimate disposition of the case. *General Acquisition, Inc. v. GenCORP, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). Specifically, Rule 54(b) provides:

---

PageID.927 & fn.2.) Plaintiffs represent that the state court action is currently stayed to allow the State to pursue an interlocutory appeal from the denial of a dispositive motion. (*Id.*)

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). "[A]lthough this rule relaxes the finality requirement for appellate review, it does not allow for immediate review of every action taken by a district court." *Novacor Chems. Inc. v. GAF Corp.*, 164 F.R.D. 640, 645 (E.D. Tenn. 1996). "Rather, the rule 'attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 820 (6th Cir. 2005) (quoting *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986)).

The Sixth Circuit Court of Appeals has held that Rule 54(b) certification requires a two-part analysis. *General Acquisition*, 23 F.3d at 1026. "Certification under Rule 54(b) requires a district court, first, to expressly direct the entry of final judgment as to one or more but fewer than all claims or parties in a case and, second, to expressly determine that there is 'no just reason' for delay." *Novacor Chems.*, 164

7

F.R.D. at 645 (quoting *General Acquisition*, 23 F.3d at 1026). These requirements must be considered individually. *Id.*

The Sixth Circuit cautions that Rule 54(b) certification is reserved for "infrequent harsh cases," *General Acquisition*, 23 F.3d at 1026, and it is "not to be used routinely … or as a courtesy or accommodation to counsel." *Corrosioneering, Inc. v. Thyssen Envt'l Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (internal citations omitted). A certificate of appeal under Rule 54(b) is a "rare and extraordinary event … available only in unique situations where the moving party illustrates that, but for the certification, he would suffer some extreme hardship." *Callahan v. Alexander*, 810 F. Supp. 884, 886 (E.D. Mich. 1993). Ultimately, "[i]t is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

### 2. Analysis

#### a. First requirement – multiple claims or multiple parties

The first requirement under Rule 54(b) is that the district court expressly "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties." *General Acquisition*, 23 F.3d at 1027. The judgment must represent "'an

8

ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp.*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

In this case, Plaintiffs' Complaint asserts eight separate counts against Defendants. (ECF No. 2, Compl.) However, as Plaintiffs acknowledge in their Motion, separate counts in a complaint are not necessarily separate claims for purposes of Rule 54(b). (ECF No. 61, Pls. Mot., PageID.930, citing *Ouza v. City of Dearborn Heights*, No. 16-14331, 2019 WL 1455241, at *2 (E.D. Mich. Apr. 2, 2019).) Instead, "[i]f two different theories of relief rest on proving substantially the same facts, those theories of relief are not separate claims for purposes of Rule 54(b), though they may be separate counts in a complaint." *Ouza*, 2019 WL 1455241, at *2.

To determine what constitutes "multiple claims" in a case, the Sixth Circuit uses the "operative facts test," which treats a "claim" under Rule 54(b) as "the aggregate of operative facts which give rise to a right enforceable in the courts" even if the party has raised different theories of relief. *General Acquisition,* 23 F.3d at 1028 (quotation marks omitted); *see also Lowery*, 426 F.3d at 821 (concluding that Rule 54(b) certification was improper on a dismissed Title VII claim when a state-law breach-of-contract claim stemming from the same acts of retaliation allegations

9

remained pending); *McIntyre v. First Nat'l Bank of Cincinnati*, 585 F.2d 190, 191-92 (6th Cir. 1978) (concluding that federal and state law causes of action asserting different theories of liability should be considered a single claim for purposes of Rule 54(b) because they arose out of the same aggregate of operative facts).

This Court dismissed all but one of Plaintiffs' claims. Plaintiffs argue that each of the seven dismissed counts for which they seek entry of final judgment relies on a different set of operative facts than the sole remaining unadjudicated claim. Plaintiffs contend that the sole surviving claim – a Fourth and Fourteenth Amendment claim of unlawful entry for failure to knock and announce – relies on a very limited set of operative facts, "namely the conduct of Defendant officers in the seconds immediately preceding their use of a battering ram to break into Plaintiffs' home." (ECF No. 61, Pls. Mot., PageID.930-31.) Plaintiffs argue that these facts are separate and distinct from the operative facts giving rise to the adjudicated claims which relate to Defendants' procurement of the search warrant, the execution of the search warrant, and the alleged use of unreasonable and excessive force in the execution of the search warrant. Plaintiffs argue that this Court directed entry of final judgment as to one or more but fewer than all the claims in this case, and the first requirement of Rule 54(b) is satisfied. *See McIntyre*, 585 F.2d at 192.

Defendants agree in their Response brief that Plaintiffs' "sole surviving claim is a 'knock and announce' claim," and that the "adjudicated claims do not significantly overlap with that remaining claim," with the exception of Plaintiffs' excessive force claim. (ECF No. 62, Defs. Resp., PageID.980-81.) Defendants assert that the excessive force claim is premised in part on the use of a battering ram to enter Plaintiffs' house and the operative facts surrounding the initial entry into the house are the same as the knock and announce claim." (*Id.* fn.1, PageID.981.)

Plaintiffs are splitting hairs by attempting to dissect the facts on the day of April 21, 2021 before, during, and after the execution of the search warrant from the alleged failure to knock and announce immediately prior to Defendants entering Plaintiffs' home. All of Plaintiffs' claims relate to the preparation and execution of the search warrant for their home on April 21, 2021, and thus all rely on the same "aggregate of operative facts." *See Lowery*, 426 F.3d at 821. The Court therefore finds that its prior Opinion and Order did not resolve multiple claims and that Plaintiff's motion for entry of final judgment pursuant to Rule 54(b) should be denied on that basis.

However, even if the Court concluded that the operative facts relating to Defendant officers' actions in obtaining the search warrant including whether that search warrant was supported by probable cause, and Defendants' actions after

11

entering Plaintiffs' home were sufficiently separate and distinct from the facts related to the alleged failure to knock and announce prior to entering Plaintiffs' home on the night of April 21, 2021, and that this case thus involved multiple claims, the Court would still need to find there was no just reason for delay of appellate review of the dismissed claims before granting Plaintiffs' motion. As stated below, there is just reason to delay appellate review in this case.

### b. Second requirement – no just reason for delay

The second requirement of Rule 54(b) requires the district court to determine that there is no just reason to delay appellate review of the dismissed claims. The Sixth Circuit has articulated the following non-exhaustive list of factors which district courts should consider when making this Rule 54(b) determination:

(1) the relationship between the adjudicated and unadjudicated claims;

(2) the possibility that the need for review might or might not be mooted by future developments in the district court;

(3) the possibility that the reviewing court might be obligated to consider the same issue a second time;

(4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and

(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, and the like.

12

*Corrosioneering*, 807 F.2d at 1283 (citations omitted); *see also Rowland v. Southern Health Partners, Inc.*, 4 F.4th 422, 427 (6th Cir. 2021) (discussing the same five factors).

In making this determination, "the district court's discretion is not unbounded." *Corrosioneering, Inc.*, 807 F.2d at 1282. The Court must "balance the needs of the parties against the interests of efficient case management." *General Acquisition*, 23 F.3d at 1027; *see also Curtiss-Wright Corp.*, 446 U.S. at 8 (explaining that this second requirement considers "judicial administrative interests as well as the equities involved"). "By limiting interlocutory appeals under Rule 54(b) to 'infrequent harsh case[s],' courts can alleviate hardship resulting from unnecessary delay without undermining 'the historic federal policy against piecemeal appeals.'" *General Acquisition*, 23 F.3d at 1027 (citation omitted).

Under the first *Corrosioneering* factor – the relationship between the adjudicated and unadjudicated claims – "the claims upon which the party seeks final judgment 'should generally be separate and independent [from the other claims remaining] so that the appellate court will not have to consider the same issues again if a second appeal is brought." *Johnson v. Synovus Bank*, No. 2:14-cv-2950, 2015 WL 4988579, at *1 (W.D. Tenn. Aug. 19, 2015). This examination focuses mainly on how closely related the claims are and whether they stem from essentially the

13

same factual allegations. *Solomon*, 782 F.2d at 62. The Sixth Circuit places significant weight on this first factor. *See Lowery*, 426 F.3d at 822-23 (explaining that "the greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal.").

Plaintiffs here argue that "although the adjudicated and unadjudicated claims all arise from the April 21, 2021 raid of [their] home," each of the seven counts for which they seek entry of final judgment rely on a different set of operative facts than the sole remaining count for failure to knock and announce. Plaintiffs contend that there is no overlap between the operative facts of the adjudicated versus unadjudicated claims, and no legal dependency between the claims. Plaintiffs assert that the facts pertinent to the unadjudicated knock and announce claim involve only the seconds immediately prior to Defendants breaking into Plaintiffs' home, while the adjudicated claims involve facts related to the procurement of the search warrant, the execution of the search warrant, and the use of any unreasonable and excessive force in the execution of the search warrant. (ECF No. 61, Pls. Mot., PageID.932.)

Defendants assert in their Response brief that "Plaintiffs are generally correct that because their sole surviving claim is a 'knock and announce' claim, the adjudicated claims do not significantly overlap with that remaining claim," with the

14

exception of Plaintiffs' excessive force claim, which is premised on the use of a battering ram to gain entry into Plaintiffs' home. (ECF No. 62, Defs. Resp., PageID.980-81 & fn.1.)

The Court finds that the adjudicated and unadjudicated claims are sufficiently interrelated and largely rely on the same set of operative facts, which weighs against certification. *Lowery*, 426 F.3d at 822 (explaining that "the interrelationship of the claims themselves weighs heavily against certification under Rule 54(b).") All of Plaintiffs' claims relate to the preparation and execution of the search warrant for their home on April 21, 2021. Further, as Defendants point out, to the extent Plaintiffs' excessive force claim is based on the use of the battering ram to gain entry to Plaintiffs' home, the operative facts of that claim plainly overlap with the failure to knock and announce claim. All of Plaintiffs' claims share many of the same facts, actors, and allegations, and "the greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that th[e] court [of appeals] will have to revisit the same facts under a different theory in a second appeal." *Lowery*, 426 F.3d at 823. As in *Lowery*, "this action arises out of a discrete and straightforward [] dispute that should be reviewed as a single unit." *Id.* Such a commonality in operative facts underlying the claims militates against immediate appeal.

15

In support of their argument for certification, Plaintiffs cite to *Marcilis v. Redford Twp.*, No. 09-11624, 2011 WL 284466 (E.D. Mich. Jan. 25, 2011). In *Marcilis*, the plaintiffs complained about two allegedly unconstitutional searches of their residence on May 2, 2007. The court granted summary judgment in favor of some defendants on the plaintiffs' claims of excessive force, unreasonable search and seizure, malicious prosecution, First Amendment retaliation, and municipal liability. *Id.* at *2. The court denied summary judgment on the plaintiffs' claim of failure to knock and announce. *Id.* The individual defendants sought appellate review, as a matter of right, on the denial of qualified immunity with respect to the plaintiffs' failure to knock and announce claim, and the plaintiffs filed a Rule 54(b) motion to certify the adjudicated claims for appellate review. The court found that Rule 54(b) certification was proper because entry of a final judgment is appropriate and no just reason exists to delay appellate review. *Id.*

The district court first stated that it "need not determine if Plaintiffs' [sic] assert multiple claims because Rule 54(b) permits entry of a final judgment as to decisions disposing of either multiple parties or multiple claims" and "[c]learly, this case involves multiple parties." *Id.* at *3 (noting that the plaintiffs' claims against the DEA and Redford Township Defendants were dismissed). The district court next weighed the Rule 54(b) factors and found that despite the interrelationship of the

16

adjudicated and unadjudicated claims, which weighed against certification, the case was nevertheless "exceptional because Defendants are already seeking appellate review on the denial of qualified immunity with respect to Plaintiffs' failure to knock and announce claim." *Id.* at *4. The court reasoned that "since the Court of Appeals will be reviewing the case's set of facts during Defendants' appeal, judicial[] economy is only further served by certifying Plaintiffs' issues for appeal." *Id.*

However, the exceptional circumstances in *Marcilis* do not exist here. In this case, there is no pending interlocutory appeal of the denial of qualified immunity. Rather, the interrelationship between the adjudicated and unadjudicated claims weighs against certification.

As to the second *Corrosioneering* factor – whether the need for review might be mooted by future developments in the Court – Plaintiffs argue that there is no likelihood that the need for appellate review of the unadjudicated claims would be mooted by developments in this Court on the knock and announce claim, and thus the second factor weighs in favor of certification. (ECF No. 61, Pls. Mot., PageID.932.) Defendants respond only that this "second factor is not relevant in this matter as no developments in the district court are likely to moot the need for review." (ECF No. 62, Defs. Resp.) The Court agrees.

As Plaintiffs have already indicated they will appeal the Court's dismissal of the remaining claims, the Court finds that proceeding to trial on Plaintiffs' knock and announce claim does not raise the possibility that appellate review of Plaintiffs' issues will be mooted by proceeding to trial on the remaining claim.

As to the third *Corrosioneering* factor – the possibility that the reviewing court might be obligated to consider the same issue a second time – Plaintiffs argue that this factor weighs in favor of certification because "given the minor overlap in the core factual basis between the adjudicated and unadjudicated claims, the likelihood that the Sixth Circuit will have to revisit the same facts is minimal." (ECF No. 61, Pls. Mot., PageID.932-33.)

Defendants argue that this third factor cuts against certification because "[s]hould the Court of Appeals reverse this Court's dismissal of the adjudicated claims, including its determination that qualified immunity shields the Defendants, discovery would then ensue, and Defendants will likely file a motion for summary judgment following the close of discovery," which decision "may be appealed and the reviewing Court would have to, once again, determine whether the Defendants are entitled to qualified immunity." (ECF No. 62, Defs. Resp., PageID.981-82.) Defendants contend "[t]he same scenario could then occur, yet again, after trial." (*Id.*)

18

The Court finds that an interlocutory appeal at this stage will virtually guarantee multiple appeals. If the Court certified its Opinion and Order as final and Plaintiffs appeal now, the case must eventually proceed to trial on the failure to knock and announce claim, no matter the Sixth Circuit's decision. And after the trial, the non-prevailing party or parties will likely appeal and require the Sixth Circuit to review the facts again. On the other hand, if the case proceeds to trial now on the knock and announce claim, the Court will enter a final judgment. At that time, Plaintiffs or Defendants may appeal all or some of the rulings in the Court's Opinion and Order as well as issues raised during the trial on the knock and announce claim. If the Sixth Circuit affirms, the possibility of a second trial and a second appeal are eliminated. Thus, this third factor weighs against certification.

As for the fourth *Corrosioneering* factor – the presence of a claim or counterclaim which could result in set-off against the judgment sought to be made final – the parties agree that this factor is not relevant as there are no such claims or counterclaims. The Court agrees as well.

Finally, as to the fifth *Corrosioneering* factor – miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like – Plaintiffs argue that judicial efficiency is best served by immediate appeal. Plaintiffs contend that proceeding to trial on

19

their one remaining claim would be a tremendous waste of the Court's time and resources, because irrespective of the outcome of the trial on the knock and announce claim, Plaintiffs plan to appeal the adjudicated and dismissed claims, and if they win, the parties will have to reopen discovery, retake depositions, and proceed to a second trial. (ECF No. 61, Pls. Mot., PageID.933.) However, this only shows that there is a risk of duplication of appeals either way the Court decides.

Defendants argue in response that they intend to file a motion for summary judgment premised on qualified immunity with respect to the knock and announce claim at the close of discovery, and if the motion is granted, the final claim will be resolved, and Plaintiffs may appeal in the normal course. (ECF No. 62, Defs. Resp., PageID.982.) But if Defendants lose, they will likely pursue an interlocutory appeal as of right based on denial of qualified immunity, and only after an unsuccessful appeal would the parties proceed to trial. (*Id.* PageID.982-83.) Defendants conclude that "[t]his practical reality counsels against certifying an appeal at this juncture." (*Id.* PageID.983.)

The Court finds that this fifth factor weighs against certification. As stated above, the Sixth Circuit has cautioned courts to limit Rule 54(b) certification to the "infrequent harsh case in which final certification should be granted." *Solomon*, 782 F.2d at 62. Courts should be hesitant to certify an appeal based on "judicial

20

economy" when the efficiency to be gained depends on a particular outcome at the appellate court. An appellate court order affirming this Court's Opinion and Order would amount to little more than delay while that appeal was pending. Moreover, Plaintiffs have presented nothing "rare" or "extraordinary" about this case warranting a departure from the normal presumption against piecemeal appeals. "'Not all final judgments on individual claim should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.'" *Corrosioneering*, 807 F.2d at 1283 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). Further, "[t]he hardship of an expensive trial is a factor of litigation, one which is shared by each Defendant as well." *Callahan*, 810 F. Supp. at 886.

The Sixth Circuit has mandated that certification under Rule 54(b) be a rare and extraordinary event, available only in unique situations where the moving party illustrates that, but for the certification, he would suffer some extreme hardship. *See id.* (citing *Rudd Constr. Equip. Co. v. Home Ins. Co.,* 711 F.2d 54, 56 (6th Cir. 1983)). Considering of all the Rule 54(b) factors together, those factors counsel against a Rule 54(b) certification for appeal in this case. Although Plaintiffs do satisfy some factors that favor granting certification, the Court finds that Plaintiffs do not present the rare, extraordinary, unique, or "infrequent harsh case" that would justify granting Rule 54(b) certification. *See Curtiss-Wright Corp.*, 446 U.S. at 8 n.2

21

("The court is free to weigh the factors unequally based on a case-by-case basis and need not find that each factor favors certification in order to grant it."); *Lauve v. Winfrey*, No. 17-cv-12726, 2018 WL 5786202, at *4 (E.D. Mich. Nov. 5, 2018) (finding that even though the second and fourth factors do not weigh against Plaintiffs' requested relief, judicial economy and the undesirability of piecemeal appeals weigh against Rule 54(b) certification); *see also* 10 Wright & Miller, FED. PRAC. & PROC. § 2654 (3d ed.) ("[I]f the claims in an action are closely related and there is a risk of repetitive appeals, the district court may decide that this is a reason for delaying review and refuse to make the determination required by Rule 54(b).").

The Court therefore finds there is just reason to delay appeal and denies Plaintiffs' motion for entry of final judgment under Fed. R. Civ. P. 54(b).

## B. Whether the Court Should Certify its Opinion and Order as Final Under 28 U.S.C. § 1292(b)

### 1. Legal Standard

Generally, 28 U.S.C. § 1291 allows for appeals only from "final decisions of the district courts of the United States." However, pursuant to 28 U.S.C. § 1292:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order….

22

28 U.S.C. § 1292(b).

Thus, under § 1292(b), a district judge has discretion to certify a non-final order for an interlocutory appeal if the judge believes the petitioner has adequately shown that:

> (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.

*In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). The moving party bears the burden to show that each requirement of § 1292(b) is satisfied. *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022) (citing *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)). The district court must then expressly find in writing that all of the § 1292(b) requirements are met. *Id.* (citing *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (6th Cir. 2010)).

However, allowing for interlocutory appeal is generally disfavored and should be applied sparingly, and "only in exceptional circumstances." *In re City of Memphis*, 293 F.3d at 350; *Kraus v. Bd. of Cnty. Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966) ("Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional circumstances where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the

floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.").

### 2. Analysis

As stated above, Plaintiffs bear the burden to show that (1) the Court's Opinion and Order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of that decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re City of Memphis*, 293 F.3d at 350.

Defendants first argue, as a preliminary issue, that Plaintiffs' motion for interlocutory appeal under 28 U.S.C. § 12192(b) should be denied, in part, because it is untimely. (ECF No. 62, Defs. Resp., PageID.983-84.) Defendants recognize that while § 1292(b) does not contain an express time limit to file a motion seeking certification, the courts have determined that a reasonableness standard applies to the timeliness issue in the district court. (*Id.* citing *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 915 (E.D. Mich. 2004).) Defendants contend that the unexplained 10-month delay in this case between the entry of the Court's February 24, 2023 Opinion and Order and Plaintiffs' instant motion seeking certification is unreasonable. *See Sloan v. Borgwarner*, No. 09-cv-10918, 2014 WL 12724217, at

*1 (E.D. Mich. May 28, 2014) (Borman, J.) (collecting cases and stating "[u]nexplained delays of two months have routinely been found unreasonable.").

Plaintiffs assert in their Reply brief that there was actually a seven-month, not a ten-month, delay in filing their motion for certification (from the May 19, 2023 Order denying reconsideration to the filing of the instant motion), and that in any event, delay is "not a controlling factor" in deciding whether to the Court should exercise its discretion under § 1292(b). (ECF No. 64, Pls. Reply, PageID.1002.) Plaintiffs further contend that the delay is not unexplained or unreasonable, stating that a stay in a parallel state court case delayed the bulk of discovery in this case, and that a series of life events have struck Plaintiffs' counsel. (*Id.*)

28 U.S.C. § 1292(b) does not have a specific time limit for filing a motion to certify a case for interlocutory appeal. *Eagan*, 294 F. Supp. 2d at 914. Instead, courts "examine whether the motion was filed within a reasonable time." *Id.* Although Plaintiffs here offer some explanation for their seven month delay in filing the instant motion, and while that lengthy delay is not dispositive on its own, it is a factor the Court may consider in deciding whether to grant Plaintiffs' Motion. *See Sloan*, 2014 WL 12724217, at *1 (considering defendant's almost two month delay in seeking interlocutory appeal unreasonable and as a factor in deciding whether to exercise discretion under § 1292(b)); *Bose v. De La Salud Bea*, No. 16-cv-02308, 2018 WL

8922839, at *5 (W.D. Tenn. July 30, 2018) (noting that "courts across the nation routinely find that a delay of two (2) months or more in filing a motion to certify an order for interlocutory appeal is unreasonable.") (citation omitted). The Court finds that Plaintiffs' proffered explanation for their seven-month delay in filing the instant motion does not justify such a lengthy delay. While the Court does not find this delay dispositive in deciding whether to exercise its discretion under § 1292(b), the lengthy delay nevertheless is a factor that the Court will consider.

The issue of timeliness aside, in deciding whether Plaintiffs meet the test for certification under § 1292(b), Plaintiffs must first show that the Court's Opinion and Order involves a controlling question of law. *In re City of Memphis*, 293 F.3d at 350. This standard requires only that the question could "materially affect the outcome of the case." *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 875-76 (E.D. Mich. 2012).

Plaintiffs assert that the Court's Opinion and Order turns on a controlling question of law, namely whether a complaint states a facially valid claim and whether the Court erred in finding that the facially valid search warrant was supported by probable cause and thus that Plaintiffs failed to state a Fourth Amendment violation. (ECF No. 61, Pls. Mot., PageID.936-37, citing *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (stating "[t]he sufficiency of a complaint is a

26

question of law") (citing *Center for Bio-Ethical Reform, Inc., v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011)).) Defendants agree that whether a complaint states a facially valid claim does involve a controlling question of law that could materially affect the outcome of the case. (ECF No. 62, Defs. Resp., PageID.984.)

Turning to the second question – whether a "substantial ground for difference of opinion" exists as to the issues raised – the Court must look to whether "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *Newsome*, 873 F. Supp. 2d at 876-77 (citations omitted).

Plaintiffs principally argue, in support of this second requirement, that this Court incorrectly decided the Defendants' motion to dismiss, asserting that the Court evaluated facts that should have been left to the trier of fact. (ECF No. 61, Pls. Mot., PageID.938-43.)

However, as Defendants assert in their Response brief, Plaintiffs are merely repeating arguments that were previously addressed in this Court's initial Opinion and Order, and again in the Court's denial of Plaintiffs' motion for reconsideration. However, Plaintiffs' mere disagreement with the Court's analysis does not meet

27

Plaintiffs' burden to demonstrate that a "substantial ground for difference of opinion" exists as to the issues raised, and thus fails to satisfy the requirements of § 1292(b). Specifically, Plaintiffs do not argue that this case is difficult and of first impression, that a difference of opinion exists within the Sixth Circuit on an issue, or that the circuits are split on an issue. *See Newsome*, 873 F. Supp. 2d at 876-77 (citations omitted). Thus, Plaintiffs have failed to meet their burden to show that the second requirement of § 1292(b) is met.

Finally, as to the third requirement, Plaintiffs argue that immediate appellate review will materially advance the litigation because without immediate appellate review, Plaintiff will be forced to litigate the single remaining claim and engage in time-consuming discovery limited to the narrow issue of whether Defendants violated the knock and announce rule, and then undertake discovery all over again if they prevail on their appeal of their dismissed claims.

An appeal "materially advances the litigation" when it "save[s] judicial resources and litigant expense." *Newsome*, 873 F. Supp. 2d at 878; *see also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (explaining that an interlocutory appeal "materially advances" the litigation when "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation."). However, "when litigation will be conducted in

substantially the same manner regardless of [the Court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d at 351. This requirement is closely tied to the requirement that the order involve a controlling question of law. *Newsome*, 873 F. Supp. 2d at 878.

In light of the substantial delay in bringing this motion, and Plaintiffs' failure to show that there is a substantial ground for difference of opinion at issue, the Court finds that Plaintiffs have failed to show that certifying this case for appeal would do anything but further delay this litigation. In line with the Court's finding that the practical concerns of Rule 54(d) weigh against entering a final judgment in this case, the Court finds that an interlocutory appeal would not materially advance the ultimate termination of this litigation, if at all. While there is a chance, as Plaintiffs argue, that proceeding with trial now could result in two trials if this Court's Opinion and Order dismissing Plaintiffs' other claims is reversed on appeal, a second trial will not be required if that Opinion and Order is upheld. And if this Court were to grant Plaintiffs' motion, there remains a possibility of two appeals. Thus there is a risk of duplication either way.

Accordingly, Plaintiffs have not met their burden of showing that the exceptional circumstances justifying interlocutory appeal exist in this case and the Court will deny Plaintiffs' motion.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiffs' Motion for Entry of Final Judgment Under Fed. R. Civ. P. 54(b) or Alternatively, to Certify Order Pursuant to 28 U.S.C. § 1292(b).


IT IS SO ORDERED.

Dated: March 1, 2024                       s/ Paul D. Borman
                                           Paul D. Borman
                                           United States District Judge